**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IRVIN FLEMMING, PLAINTIFF | CIVIL CASE No. |
| | Case:2:17-cv-12478<br>Judge: Steeh, George Caram<br>MJ: Grand, David R.<br>Filed: 07-31-2017 At 03:55 PM<br>CMP FLEMMING v USA, et al (dat) |
| v. | |
| | HONORABLE |
| UNITED STATES OF AMERICA, JULIE A. BECK; AND KEVIN BOUDREAU, DEFENDANTS | |

# COMPLAINT
## VIA 28 U.S.C. § 1331, 28 U.S.C. § 1346 AND 28 U.S.C. § 2401(b)

Plaintiff complaint for civil remedy for violations brought forward in the body of this complaint and demand for a jury trial compensatory and punitive damages and trial by judge from damages otherwise.

There are no other civil actions between the above aforesaid parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, neither has any such action been previously filed and dismissed or transferred after having been assigned to a judge in any district court. Moreover, 28 U.S.C.A § 2401(b) gives the court jurisdiction to hear this complaint.

IRVIN FLEMMING

1

## STATEMENT OF JURISDICTION

The plaintiff, Irvin Flemming, submitted a tort claim following the directions of 28 U.S.C.A § 2675, the Federal Tort Claim Act (FTCA). The claim was submitted to the United States Department of Justice, Tort Claim Civil Division. The tort claim division issued the plaintiff two (2) claim numbers CJM:157-16-NEW and GKJ:HLSWANN:157-16-59688, on August 2, 2016. The tort claim civil division had until February 2, 2017 to respond to the plaintiff per 28 U.S.C.A § 2401(b). The tort claim division has failed to respond to the formal complaint, thus bringing the plaintiff to the District Court for remedy pursuant to 28 U.S.C.A § 1331, 2401(b) and 1346. The aforesaid statutes give this district court jurisdiction over this matter.

## STATEMENT OF PRO SE PLEADER

Mr. Flemming humbly comes to the District Court to plead and seek a remedy for fairness and justice, for the tortious actions of the wrongdoers/defendants hiding behind the color of law. Mr. Flemming comes as a Pro Se pleader. Mr. Flemming, the plaintiff, is aware that some jurisdiction have asserted that Pro Se litigants are held to the same standards and pleading requirements as licensed attorneys. Some jurisdiction says that Pro Se pleadings in particular are generally not held to the stringent standards of formal pleadings in evaluating sufficiency, but are accorded a liberal construction. Mr. Flemming will file every pleading respectful, artfully drafted and will conform to the Federal Rules of Civil Procedures and the local rules of the Eastern District of Southern Michigan the same.

## COMPLAINT

Now comes plaintiff **Irvin Flemming**, Pro Se, respectfully submitting a complaint for damages sustained by United States of America, Assistant United States Attorney Julie A. Beck; and forfeiture agent, Kevin Boudreau as a direct result of their tortious conduct in the Eastern District of Michigan. Mr. Flemming respectfully demands a jury trial for the punitive and compensatory damages and a trial by judge for the determination of damages otherwise.

The defendants named in the body of this complaint were *"acting under the color of law"* during the stated time of offenses in this complaint and in their personal capacity. Moreover, that they are joint tortfeasors that commited wrongul acts and omissions, discretionary function violations to violate Mr. Flemming's Constitutional rights as a United States and state of Michigan citizen. Now, the alleged acts of the actors created tortious, vicarious, official and personal liability jointly. The United States Supreme Court points out in *Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982);* that violating *cleary established* statutory or constitutional rights which a reasonable person would be aware would show the tortfeasers are plainly incompetent or knowingly violated the law. Thus, makes them personally liable also including *Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987).*

Furthermore, Mr. Flemming's submission is presented to this court **because** of the following events:

1. On or about October 11, 2015, judgement was entered against Irvin Flemming for a sentence of twenty-four (24) months of imprisonment for violating

statute 31 U.S.C. § 5324, Financial Structuring, thus establishing the actual date of loss as a whole.

2. Plaintiff, **Irvin Flemming** (heareafter "Mr. Flemming"), is a resident of the state of Michigan within the Eastern District Southern Division.

3. Defendant(s) **United States of America** at all times relevant hereto the employer of **Julie A. Beck**, Assistant United States Attorney and Chief Forfieture Officer (hereafter "Beck/defendant"), and **Kevin Boudreau**, Forfieture Agent (hereafter "Boudreau/defendant"). By way of the Department of Justice.

4. The amount being disputed exceeds seventy-five thousand dollars ($75,000) and is otherwise within the jurisdcition of this district court.

5. The discrectionary function exception likewise does not shield decisions that exceed constitutional bounds, even such decsions are imbued with consideration to policy.

6. A government official has no discretion to violate the binding laws, regulations or policies that define the extent of their official powers.

7. A employee of the United States of America government acting beyond their authority is not excersing the sort of discretion the discretionary function was enacted to protect also used in opinion *Loumiet v. United States 828 F. 3d 935*, March 24, 2016.

8. The Defendants while on duty, conduct was so egregious that it violated fundamental requirements. A employee discretionary function and would authorize tort claims against the defendants for constitutionally ultra vires

4

conduct would yield an illogical result that is clearly displayed throughout this complaint.

9. On or about November 17, 2010, the defendants in their official capacity, executed a warrant to search and seize evidence at a property Real Estate Company owned by Carlos Powell, Goal Line, LLC., 15514 8 Mile Road, Detroit, Michigan 48224, a well known commercial/residential real estate company.

10. The aforementioned warrant caused Flemming's certified blueprints to be seized.

11. Flemming made several request to the defendant(s) to return his personal property during the entire criminal matter January 31, 2013 through October 11, 2015; that was not listed on any official document or otherwise as part of their discovery or indictment.

12. The defendant(s) continue a joint action of *conspiracy* against Flemming by the illegal seizure of Flemming's Rolls Royce title vehicle Identification No. SCA1S68537UX08397 ("hereafter Rolls Royce") some time during their investigation of Carlos Powell and/or Flemming. Moreover, the date of seizure is unknown, due to defendants never offering any discovery of the seizure of the Rolls Royce---title.

13. On or about January 10, 2012, defendants seized real property located at 361 17th Street, Unit 1103, Atlanta, Georgia (hereafter "condo") denying any further access to Flemming.

14. During the entire criminal matter the district court Judge Stephen J. Murphy III failed to address any of Flemming's request of the return of property from January 31, 2013 to present.

15. On or about January 15, 2013, Flemming was added in a superseding indictment in a matter titled United States v. Carlos Powell in the United States District Court for the Eastern District of Michigan, case number 12-CR-20052 as defendant number thirteen (13).

16. The aforementioned indictment included charges of violating statute 31 U.S.C. §5324 Financial Structuring and Statute 18 U.S.C. § 2 Aiding and Abetting, Carlos Powell in a specified unlawful activity. Moreover, Flemming was not found guilty of 18 U.S.C. § 2 Aiding and Abetting in the criminal matter.

17. On April 2, 2014, the Discrict Court entered an order severing Flemming from United States v. Carlos Powell.

18. At some point during the criminal matter the defendants launched an investigation that targeted Flemming, and during the investigation the defendants violated the rules, policies, procedures and statutes, by illegally obtaining Flemming's personal property.

19. During the jury trial in March of 2015, the trial proofs showed the defendants wrongful acts, omissions, Constitutional violations and the violations of their discretionary function.

20. On or about April 14, 2015, the defendant(s) submission of a motion showing their acts or omissions and the abuse of their discretionary function.

Moreover, Beck's post trial motions are in direct conflict of trial proofs and are factually inaccurate. A prosecutor's discretionary function is to be honest and provide the Courts with factually accurate information, per their sworn oath of office and the American Bar Association.

21. The abovementioned motion was followed by an amended motion to further hide the defendants bad acts and violation of Flemming's civil, constitutional rights as a state of Michigan citizen.

22. On or about April 15, 2015, Beck called Flemming and told him that he could pick up his vehicle title to the Rolls Royce after holding the title for about five (5) years.

23. The defendants motion filed on or about April, 14, 2015, also revealed the defendants conspiracy against Flemming. Which misrepresents the facts of the location of seizure and lead to Flemming's criminal indictment.

24. That this said information in this complaint was used to conspire an indictment on Flemming.

25. The jury trial in the criminal trial United States v. Flemming, showed that Flemming had a interest in the condo, with defendants trial proofs.

26. The pre and post trial proofs in the aforesaid trial proved that the defendants never gave Flemming notice of seizure in which clearly violates the forfeiture statutes 21 U.S.C. 853, 18 U.S.C. 981 and 18 U.S.C. 983; which have clearly established rules; that the defendants should have followed.

27. On or about March 29, 2015, a jury in the Eastern District Court of Michgan found Fleming guilty on violating 31 U.S.C. § 5324, Financial Structuring and

Flemming had no verdict ("not guilty") of 18 U.S.C. 2, Aiding and Abbetting co-defendant Carlos Powell. A *Not Guilty* verdict of 18 U.S.C. 2, speaks volumes.

28. During the time between November 17, 2010 through Ocotober 11, 2015, the Defendants directly and/or indirectly inflicted their tortious acts and omissions conduct upon the plaintiff. Not only was their conduct jointly tortious it was malice, vindictive, selective and just unfair all while "acting under the color of the law".

29. A malice exception can be applied in by which a government official can face civil liability for willfully excerising discretion in a way that violates a **known or well-established rights** of a United States Citizen.

30. As a result of defendants tortious and malice conduct while working in their official capacity "under the color of law". Flemming has suffered a loss in excess of more than seventy-five thousand dollars ($75,000) as followed by in counts listed below

31. When the defendants failed to act, it generally does not exercise their coercive power over an individuals liberty or property rights. Thus, does not infringe upon areas that courts often are called upon to proect according to the United States Supreme Court in the case *Heckler v. Chaney, 470 U.S. 821, 105 S. Ct. 1649, 84 L. Ed. 2d 714 (1985)*. The defendants have more than fifty plus (50+) years of experience combined.

## Count I Tortious Conduct Against Flemming's Vehicle Title

32. Plaintiff herein adopts and incorprates by referencing each allegation contained within paragraphs one (1) though thirty-one (31).

33. At all times relevant hereto the joint totfeasors contributed injury onto Flemming before and after the acknowledgement of all maters pertaining to the superseding indictment of January 31, 2013.

34. The defendant(s) called Global Motors in the State of Houston demanding Flemming's Royce Royce Title.

35. The defendants commited this illegal seizure either directy or vicariously as supervisors. This quasi-tort conduct established a vicarious liability for damages.

36. The defendants has a duty to follow Rule 41 of the Federal Rules of Criminal procedures, the Unites States Constitution's 4th amendment and the statute congress put in place for the defendants to follow (both civil and criminal).

37. Contrary to defendants sworn duties, the defendants breached their oath by acts or omission while acting under the color of law of clearly established rules and policies.

38. The aforementioned breaches of duties were a direct and proximate result of damages sustained by plaintiff.

39. The plaintiff, Mr. Flemming, damages include but are not limited to, loss of profit by not being able to fully negotiate the sale or usage of the Rolls Royce. Flemming requests a judgment in any amount in excess of one million-five hundred thousand dollars ($1,500,000). That he is found to be entitled to,

together with interest cost and other fees the court deems appropriate for this count. The Rolls Royce were never part of the indictment.

### **Count II: Tortious Conduct against Flemming's Residence**

40. Plaintiff herein adopts and incoprates by references each and every allegation continued within paragraphs one (1) though thirty-nine (39) above as though set forth more fully herein.

41. On or about January 10, 2012, the United States of America with the acts and omission of well established policy executed a civil forfeiture onto condo. The defendants did not follow the **rules** of the Civil/Criminal Forfeiture Statute.

42. The following rules were either ignored or violated in bad faith outside of defendants discretionary function under the color of law:
    a. Failure to give notice of seizure
    b. Staying any forfeiture until criminal proceeding are concluded
    c. Denying plaintiff accesss to real property
    d. Selling real property before criminal matter was concluded

43. The aforementioned breaches of duties of the defendants were a direct and proximate result of damages sustained by Mr. Flemming.

44. Damages include but are not limted to, the plaintiff's loss of liberties to enjoy usage of said property, which again clearly shows defendants due process of the law violation. Whereas, Mr. Flemming requests a judgment in whatever amount in excess of Six Hundred Ninty Thousand Dollars ($690,000). He is found to be entitled to, together with interest costs and other fees the court deems appropriate for this count.

## Count III Tortious Conduct against Flemming's Blueprints

45. Plaintiff herein adopts and incorporates by reference each and every allegation contained within paragraphs one (1) through forty-four (44) above as though set forth more fully herein.

46. At all times relevant hereto the Unitid States and their actors contributed injury onto plaintiff before and after the acknowledgement on all matters pertaining to United States v. Powell, case number 12-CR-20052.

47. The defendants excuted a search and seizure warrant and seized plaintiff's blue-prints, that were clearly discernible as plaintiff's property on about November 17, 2010 and final antagonism return of property with act or omission of the true location of property on April 14, 2015.

48. The Defendants failure to return blueprints established the quasi and vicarious conduct of the defendants.

49. The defendants were *"acting under the color of law"* during the infliction of their act or omission.

50. The defendants aforementioned breaches of duties in violation of their discretionary function and were a direct and proximate result of the damages sustained by Mr. Flemming.

51. The plaintiff damages include, but is not limited to, plaintiff loss of blueprints during the time needed. Mr. Flemming requests a judgment in any amount in excess of one hundred twenty thousand dollars ($120,000). He is found to be entitled to, together with interest, cost and other fees the court deems appropriate for this count. The blueprints were never part of the indictment.

## CONCLUSION

Mr. Flemming as a United States and Michigan citizen has brought this complaint forward to the District Court because the defendants have violated their oath of duties by the following acts or omission and violating there discretionary function of clear established rules, policies, laws, and etc., by the following:

1) Due Process (14th Amendment)
2) Acting under the Color of Law (18. U.S.C. § 242)
3) Biven Doctrine
4) Conspiracy and Joint Action (18 U.S.C. § 241)
5) Federal Tort Claim Act (28 U.S. C. 2860(c))
6) Selective Prosecution
7) Vindictive Prosecution
8) Act or Omission
9) Abuse of Process (8th Amendment)
10) Federal Rules of criminal procedure Rule 41
    a. Search and seizure (4th Amendment)
11) Article I of the United States Constitution
    a. Rights, privileges and immunities
12) Abuse of Power
13) Civil forfeiture rules (18 U.S.C 981 and 983)
14) Criminal forfeiture rules (21U.S.C. 853);
15) and other violations pending discovery

*The United States Supreme Cout in Berger v. United States (1935) has said "although a prosecutor can throw hard blows, they are not at liberty to throw foul ones."*

Plaintiff would also ask this honorable district court to consider the following:

1) A jury trial on all issues triable by jury for compensatory and punitive damages and a trial by a judge for issue/damages otherwise in addition to the FTCA amount; that maybe in excess of that said amount, per 28 U.S.C. 2675(b) after discovery
2) Damages for Count I is $1,500,000
3) Damages for Count II is $690, 000
4) Damages for Count III is $120,000
5) Any such relief as the court deems just, proper and equitable. Dollar amount open and undetermined.
6) An order from this court explaining wherein this complaint is deficient and how it must be corrected.

7) Leave to amend the this complaint once discovery has been completed and the defendants has raised the usual Federal Rules of Civil Procedures Rule 12(b) objections and an expected avalanche of procedural gimmicks.
8) Construe the filings on this complaint with consideration that the plaintiff is Pro Se.

Irvin Flemming requests a judgment in any amount in excess of two million-three hundred and ten thousand dollars ($2,310,000.00) or in the amount limited to 28 U.S.C. 2675(b); that he is found to be entitled to, together with interest, cost and other fees the court deems appropriate for remedy within this complaint. And, the same said amount of two million-three hundred and ten thousand dollars ($2,310,000.00) or TBD judgment against the actors in their *personal capacity*. Mr. Flemming adopts and incorporates by the reference each and every allegation contained within pargraphs one (1) though fifty-one (51) above as set forth in this complaint. Which brings the total amount of remedy requested to four million-six hundred twenty thousand dollars (4,620,000.00).

Very Respectfully,

*/s/ Irvn Flemming*

IrvinFlemming@me.com
7745 Poe Street
Detroit, MI 48206
248-789-7996

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
IRVIN FLEMMING

**DEFENDANTS** UNITED STATES OF AMERICA, USA, BARBARA L. MCQUADE, AUSA, JULIE A. BECK, DOJ AGENT KEVIN BOUDREAU

Case: 2:17-cv-12478
Judge: Steeh, George Caram
MJ: Grand, David R.
Filed: 07-31-2017 At 03:55 PM
CMP FLEMMING v USA, et al (dat)
GENERAL

(b) County of Residence of First Listed Plaintiff  WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*   IRVIN FLEMMING, (PRO SE), 7745 POE STREET, DETROIT, MI, 248-789-7996

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ■ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ■ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ■ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1331 AND 28 U.S.C. 2401(b)
Brief description of cause:
VIOLATION OF DISCRETIONARY EXEMPTIONS WHILE WORKING UNDER THE COLOR OF LAW OF WELL KNOW POLICIES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $2,310,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ■ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE STEPHEN J. MURPHY III
DOCKET NUMBER 12-CR-20052

DATE: JULY 26, 2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

1.  Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes :

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | |
|---|---|
| ☒ Two (2) completed **Civil Cover Sheets.** | |
| ☒ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>__3__ + 2 = __5__ **Complaints.**<br># of Defendants    Total<br><br>Received by Clerk: DT   Addresses are complete: DT | Case: 2:17-cv-12478<br>Judge: Steeh, George Caram<br>MJ: Grand, David R.<br>Filed: 07-31-2017 At 03:55 PM<br>CMP FLEMMING v USA, et al (dat) |
| ☒ If any of your defendants are **government agencies**:<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. | |

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>*Clerk, U.S. District Court*<br><br>Received by Clerk: _____ Receipt #: _____ | ☒ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br><br>Received by Clerk: DT |

**Select the Method of Service you will employ to notify your defendants:**

| **Service via Summons by Self** | **Service by U.S. Marshal**<br>(Only available if fee is waived) | **Service via Waiver of Summons**<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☒ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br>Received by Clerk: ___ | ☒ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☒ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: ___ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13