UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRVIN FLEMMING,

       Plaintiff,

Case No. 2:17-cv-12478

HON. STEPHEN J. MURPHY, III

v.

UNITED STATES
OF AMERICA, et al.,

       Defendants.

_____/

**OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS [17]**

On July 31, 2017, pro se Plaintiff filed his complaint. ECF 1. He alleges that Defendants[1] wrongfully seized his vehicle title, *id.* at 9, wrongfully executed a civil forfeiture on his real property in Atlanta, Georgia (361 17th Street, Unit 1103) ("Atlanta Real Property"), *id.* at 5, 10, and wrongfully seized his blueprints, *id.* at 11. On September 21, 2018, Defendants filed a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6). ECF 17. The Court has reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court will grant the Defendants' motion.

---

[1] Defendants are the United States of America, Assistant U.S. Attorney Julie Beck and former Financial Analyst Kevin Boudreau. Beck was an attorney on the criminal case and forfeiture case, described below.

1

## BACKGROUND

The blueprints and vehicle title at issue were seized in a separate criminal case. *United States v. Powell*, 2:12-cr-20052 ("*Powell*" or "criminal case"). The Atlanta Real Property was the subject of a civil forfeiture proceeding, *United States v. Real Property Fulton County*, 2:10-cv-14908 ("*Fulton County*" or "forfeiture case"). *Powell* involved a controlled substance trafficking operation that made millions of dollars in cash; Plaintiff was involved in the alleged laundering of some of that money. ECF 17, PgID 64. On October 24, 2010, Plaintiff allegedly caused a wire transfer of some of the money to purchase the Atlanta Real Property. *Powell*, 2:12-cr-20052, ECF 171, PgID 1309.

On December 10, 2010, the Government filed a complaint for forfeiture and provided notice of the lawsuit against the Atlanta Real Property. *Fulton County*, 10-cv-14908, ECF 1, 2. The Government served Plaintiff with the forfeiture complaint. *Id.* at ECF 3, 6; *see id.* at ECF 8, PgID 27. The Government also published the forfeiture. *Id.* at ECF 5. The Atlanta Real Property was forfeited on May 25, 2011. *Id.* at ECF 12.

On January 15, 2013, Plaintiff was indicted for structuring financial transactions and/or aiding and abetting, in violation of 31 U.S.C. § 5324(a)(1) and/or (3). *Powell*, 2:12-cr-20052, ECF 171, PgID 1309. The indictment alleged that Plaintiff "structured or caused to be structured approximately $230,824 in cash into bank accounts he controlled" and that Plaintiff caused a wire transfer of some of that money to purchase the Atlanta Real Property. *Id.* On April 2, 2014, the Court severed Plaintiff's criminal case from that of his co-defendants. *Id.* at ECF 256. On March 26,

2

2015, a jury convicted Plaintiff of structuring financial transactions. *Id.* at ECF 529, PgID 5693. The jury did not consider the charge of aiding and abetting.[2] *Id.*

On April 1, 2015, Plaintiff moved for the Government to return his blueprints and vehicle title. *Id.* at ECF 527. The Government explained that the blueprints were seized in search of a co-defendant's house and the vehicle title was seized through a grand-jury subpoena. *Id.* at ECF 535. The Government returned the vehicle title on April 14, 2015. *Id.* at ECF 632, PgID 10365. The Court denied Plaintiff's motion to return the blueprints because Plaintiff failed to prove that he was lawfully entitled to possess them and did not show why the blueprints should be returned to him and not Powell. *Id.* at ECF 677, PgID 10851.

Plaintiff's complaint here consists of three claims. First, Plaintiff asserts that the method used to seize title to his vehicle violated the Fourth Amendment and "the statute congress [sic] put in place for [Defendants] to follow (both civil and criminal)." *See* ECF 1, PgID 9 ("Tortious Conduct Against Flemming's Vehicle Title"). Second, Plaintiff avers that he was not given proper notice of the seizure of the Atlanta Real Property, which violated his right to due process. *See id.* at 10 ("Tortious Conduct against Flemming's Residence"). Third, Plaintiff argues that the blueprints, which the Government seized while executing a search warrant on a co-defendant's property, belong to Plaintiff and have not been returned. *See id.* at 11 ("Tortious Conduct against Flemming's Blueprints").

---

[2] Plaintiff mistakenly represents that the jury found him "not guilty." ECF 1, PgID 7–8.

3

Plaintiff conclusorily alleges that Defendants violated several "rules, policies, [and] laws": "Due Process (14th Amendment)", "acting under the Color of Law," "Biven Doctrine," "Conspiracy and Joint Action," "Federal Tort Claim Act," "Selective Prosecution," "Vindictive Prosecution," "Act or Omission," "Abuse of Process (8th Amendment)," "Federal Rules of criminal procedure [sic] Rule 41," "Search and seizure (4th Amendment)," "Article I of the United States Constitution," "Rights, privileges and immunities," "Abuse of Power," "Civil forfeiture rules," "Criminal forfeiture rules," and "other violations pending discovery." *Id.* at 12.

Plaintiff seeks a $2,310,000.00 judgment for the three counts[3] as well as a $2,310,000.00 judgment against Beck and Boudreau in their personal capacities for a total of $4,620,000. *Id.* at 13.

Defendants moved to dismiss the case for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. ECF 17, PgID 68 n.5 (citing Fed. R. Civ. P. 12(b)(1), (b)(6)).

**STANDARD OF REVIEW**

A party may move to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a district court is faced with a motion to dismiss brought on multiple grounds, it is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this Court lacks subject-matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). When

---

[3] The Court construes Plaintiff's first demand of $2,310,000.00 as seeking damages from the United States and Beck and Boudreau in their official capacities. *See* ECF 1, PgID 3 (asserting that "the alleged acts of the actors created tortious, vicarious, official and personal liability jointly").

4

subject-matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (a facial attack) or the lack of any factual support for subject-matter jurisdiction despite the pleading's sufficiency (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). For a facial attack, all allegations are accepted as true. *Id.* When a party makes a factual attack on jurisdiction, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citation omitted). Plaintiff's allegations are not presumed to be true and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (citation omitted).

A party may also move to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A district court grants a Rule 12(b)(6) motion only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (quoting *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The complaint must state "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

5

at 555). In evaluating a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court must dismiss any cause of action that fails as a matter of law, regardless of whether Plaintiff's factual allegations are true. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Pro se complaints do not need to meet the same standards as "formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But pro se plaintiffs must still provide "more than bare assertions of legal conclusions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

## DISCUSSION

I. Constitutional Claims against the United States and the Officers in Their <u>Official Capacities.</u>

The Government argues first that sovereign immunity bars Plaintiff's constitutional claims for money damages against the United States. "The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Sovereign immunity shields the United States from suit for money damages unless it has waived such immunity. *Reed v. Reno*, 146 F.3d 392, 397–98 (6th. Cir. 1998). Sovereign immunity bars Plaintiff's demand for money damages against the United States on a *Bivens* theory that his constitutional rights were violated. *See*

6

*Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989). And any suit against federal employees in their official capacities is in essence a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Sovereign immunity therefore also bars Plaintiff's constitutional claims against Beck and Boudreau in their official capacities that seek money damages.

Plaintiff argues that the Court has jurisdiction to hear his claims under the Federal Tort Claims Act ("FTCA"), which is a waiver of sovereign immunity. ECF 18, PgID 86. Plaintiff is incorrect. Under the Federal Tort Claims Act, the United States waived sovereign immunity for certain tort claims. *See* 28 U.S.C. § 2674. But the only proper defendant in an FTCA case is the United States. And the FTCA does not allow Plaintiff to pursue money damages against the United States based upon a constitutional tort claim. *See* 28 U.S.C. § 2679(b)(2).

Sovereign immunity therefore bars the claims for money damages against the United States and against Beck and Boudreau in their official capacities. Even assuming the truth of all allegations, the claims cannot survive a facial attack, because the pleadings cannot establish jurisdiction. *See Ritchie*, 15 F.3d at 598. The Court must dismiss for lack of subject-matter jurisdiction Plaintiff's constitutional claims against the United States and Beck and Boudreau in their official capacities.

II. <u>Constitutional Claims against the Officers in their Individual Capacities.</u>

Plaintiff's remaining constitutional claims—against Beck and Boudreau in their individual capacities—fail to state a claim upon which relief can be granted.

*a. Absolute Immunity.*

Beck is entitled to absolute prosecutorial immunity for actions she took within the scope of her prosecutorial duties. Prosecutors have full immunity from civil suits resulting from the exercise of their advocacy function. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Actions falling within the scope of the advocacy function are those "intimately associated with the judicial phase of the criminal process[.]" *Id.* at 430; *see also Leibowitz v. United States*, 729 F. Supp. 556, 561 (E.D. Mich. 1989) (holding that United States Attorneys were entitled to absolute immunity for actions taken in connection with trial).

A prosecutor's role as an advocate includes "obtaining, reviewing, and evaluating evidence" before initiating a prosecution. *Id.* at 431 n.33. Absolute immunity can apply to prosecutors acting as advocates in criminal actions or civil forfeiture proceedings. *See Cooper v. Parrish*, 203 F.3d 937, 948 (6th Cir. 2000). And "a prosecutor's decision to refuse to remit property or refuse to stipulate to vacation of judgment of forfeiture is 'advocatory' in nature." *Blakely v. First Federated Sav. Bank & Tr.*, 93 F. Supp. 2d 799, 804 (E.D. Mich. 2000).

Officials are entitled to absolute quasi-judicial immunity when they act "pursuant to a valid court order because the act of 'enforcing or executing a court order is intrinsically associated with a judicial proceeding.'" *Cooper*, 203 F.3d at 948 (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)).

Beck served as the Government's advocate in *Fulton County*. She is therefore entitled to absolute immunity for her role in the civil forfeiture proceedings. *See*

*Cooper*, 203 F.3d at 948. And absolute prosecutorial immunity shields Beck from Plaintiff's claims arising from her alleged refusal to remit or return property to Plaintiff. *See Blakely*, 93 F. Supp. 2d at 804.

The Government obtained the vehicle title through grand jury subpoena, *Powell*, 2:15-cr-20052, ECF 535, PgID 5719, and gained custody of the blueprints after the Government executed a search warrant on co-defendant Powell's property, *id.* at ECF 677, PgID 10850. Because the grand jury subpoena and search warrant were valid court orders, Beck and Boudreau are entitled to absolute immunity for the seizure of the property.

   b. *Qualified Immunity.*

Beck and Boudreau are also entitled to qualified immunity for Plaintiff's constitutional claims against them. Qualified immunity shields public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is a defense "available only to individual government officials sued in their personal capacity." *United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 484 (6th Cir. 2014). Once the defense of qualified immunity is asserted, Plaintiff has the burden to show Defendants are not entitled to immunity. *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).

In conducting qualified immunity analysis, the Court asks: "(1) whether the facts, viewed in the light most favorable to plaintiff, show a violation of a

constitutional right, and (2) whether the right at issue was 'clearly established' at the time" of the alleged misconduct. *Cochran v. Gilliam*, 656 F.3d 300, 306 (6th Cir. 2011) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Plaintiff does not allege with specificity facts that show the violation of a clearly established constitutional right. *See generally* ECF 1. "[D]amage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th. Cir. 2008) (citation omitted). In other words, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff makes vague, conclusory allegations in his first and third claims. In his first claim, he alleges that Defendants "called Global Motors in the State of Houston demanding [Plaintiff's] [vehicle] Title [sic]," and that "this illegal seizure" violated the Fourth Amendment. ECF 1, PgID 9. In his third claim, he alleges that Defendants "excuted [sic] a search and seizure warrant and seized plaintiff's blue-prints, that were clearly discernible as plaintiff's property . . . and final antagonism return of property with act or omission of the true location of property." *Id.* at 11. He does not allege legal grounds for his third claim. In his response to Defendants' motion to dismiss, Plaintiff avers that "[i]n this instant case Defendants violated their discretionary function of well established rules, policies and Plaintiff [sic] clearly established constitutional rights." ECF 18, PgID 88. Instead of making

10

allegations with specificity, Plaintiff merely insists that "pre and post trial proofs" from other proceedings establish a violation. ECF 1, PgID 7. Plaintiff's conclusory statements fail to allege with specificity facts showing a violation of any constitutional right.

In his second claim, Plaintiff alleges that the United States violated his due process rights when it "executed a civil forfeiture onto [the] condo" and the Defendants "did not follow the **rules** of the Civil/Criminal Forfeiture Statute" by "[failing] to give notice of seizure", "staying any forfeiture until criminal proceeding are [sic] concluded", "denying plaintiff accesss [sic] to real property", and "selling real property before criminal matter was concluded[.]" *Id.* at 10. Plaintiff alleges that Defendants "violated the rules, policies, procedures and statutes, by illegally obtaining [Plaintiff's] personal property." *Id.* at 6.

Again, Plaintiff fails to allege specific acts by Beck and Boudreau that violated any constitutional right. And even if he did allege facts showing a constitutional violation, there is no clearly established due process right to access real property subject to civil forfeiture or to have criminal proceedings conclude before property can be forfeited and before forfeited property can be sold. And there is no clearly established due process right to the "notice of seizure" Plaintiff demands—it goes beyond the notice and opportunity to be heard that was available in *Fulton County*. *Cf. United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993) (noting that notice and opportunity is generally required for seizure of real property for purposes of civil forfeiture).

In any event, to the extent that Plaintiff's constitutional claims—including due process claims—are predicated on the Fourteenth Amendment, *see* ECF 1, PgID 12, they do not state a claim upon which relief can be granted. The Fourteenth Amendment applies to states, not federal officers. U.S. Const. amend. XIV, § 1.

Ultimately, the facts—even viewed in the light most favorable to Plaintiff—do not show a violation of any constitutional right. Beck and Boudreau are therefore entitled to qualified immunity from suit.

III. <u>Remaining Claims.</u>

Plaintiff's complaint listed "rules, policies, [and] laws" that he avers Defendants violated. ECF 1, PgID 12. To the extent his complaint alleges any non-constitutional claims, they fail to state a claim upon which relief can be granted.

Res judicata precludes Plaintiff from relitigating issues that were or could have been determined during the forfeiture or criminal cases. "A final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citation omitted).

Plaintiff avers in his second claim that there were several infirmities surrounding the forfeiture of the Atlanta Real Property. ECF 1, PgID 10. But the Atlanta Real Property was the subject of a civil forfeiture proceeding. And he did not contest the civil forfeiture. ECF 17, PgID 75. Here, there is an identity of facts behind Plaintiff's second claim and the civil forfeiture action. *See Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Plaintiff's second claim and the civil

12

forfeiture action involve the same property, the same forfeiture, the same criminal proceeding, and the same events. To the extent Plaintiff's second claim raises non-constitutional claims, it is barred by res judicata and therefore fails to state a claim upon which relief can be granted.

Similarly, the Court already addressed the issues in Plaintiff's first and third claims—regarding the vehicle title and blueprints—in *Powell*. 2:12-cr-20052, ECF 677. Plaintiff's claims here and the Court's Order in *Powell* involve the same property, the same seizures, the same criminal proceeding, and the same events. In the criminal proceeding, Plaintiff failed to challenge the legality of the search and seizure in question. *Id.* at ECF 677, PgID 10851. Having failed to raise the issue earlier, he is barred from raising it now. To the extent that Plaintiff's first and third claims raise non-constitutional claims, they fail to state a claim upon which relief can be granted.

As to the other "rules, policies, [and] laws" that Plaintiff alleges Defendants violated, ECF 1, PgID 12, Plaintiff fails to allege enough facts to state a claim that is plausible on its face. *See Twombly*, 550 U.S. at 570 (2007). His allegations regarding the other "rules, policies, [and] laws" are conclusory, *see Iqbal*, 556 U.S. at 678, and therefore fail to state a claim upon which relief may be granted. The Court must dismiss all of Plaintiff's claims.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to dismiss [17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** the case.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: January 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2019, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager